Memorandum of Decision
This is an action for the termination of parental rights of Mariela P. and Patrick H., the biological parents of the minor child Patrick H., born January 14, 1992, and the parental rights of Mariela P. And Kevin N., the biological parent of Larry P. These children have previously been found to be neglected children on July, 6, 1995 (Lavine, J.). The father of Patrick was brought to court from a correctional facility. The court found that the mother of these children had actual notice of the pendency of this action, was represented by an attorney and made default of appearance for trial. The putative father of Larry, Kevin N., was last known to be living in Stowe Village in Hartford. He was constructively served with notice by publication in the Hartford Courant, he has denied paternity and has never taken an interest in the child. He has not participated in any of the court proceedings. The petition was filed by the Commissioner of the Department of Children and Families ("DCF").
The court finds that there is no proceeding pending in any other court affecting the custody of the children. DCF has made a diligent search to locate the missing father Kevin N. The court heard from a DCF social worker, the children's foster mother and the father Patrick H. The court received into evidence social studies, court approved expectations signed by the parents, arrest and conviction records, and a visitation schedule and list of services provided. CT Page 1151
The court makes the following findings by clear and convincing evidence. The sociological history of the parents was presented in the form of testimony of the social worker and the social study and status reports (Exhibits 1 and 2). This social history was not challenged by the parents. Mariela has not been married to either of the children's fathers.
The case came to the attention of DCF for the second time on October 25, 1994 when the children were transported by the police to the emergency room of a Hartford area hospital. The police had been summoned to an abandoned apartment where the children had been left alone. They were ages two and one, at the time. One was naked, one had a diaper on. They were seen by a police officer sitting on a mattress in "recently excreted urine and feces." The apartment had no utilities, it was nearly empty of furniture, there was no food and no clean children's clothes. The mother of the children was a poly-drug dependent person without visible means of support.
Patrick Jr.'s father has a prodigious criminal record beginning in 1988. He has multiple arrests and convictions and admits to being out of jail for only six months of the child's life, from about March 15, 1996. During his time out of jail he made no effort himself to visit his son even though his mother, with whom he lived, knew where the child was living in foster care. He did not sent cards gifts, or letters or communicate in any way with this child.
The children's mother identifies Kevin N. as the father of Larry. She told the social worker that he denies the paternity and has never taken an interest in the child. His name does not appear on the birth certificate and he has never contacted the court or DCF to inquire about the child.
Mariela is not motivated to rehabilitate herself. She has been offered a multitude of services (Exhibit # 6) to no benefit. She has had the opportunity for over one-hundred and fifty visits in the past three years and has visited only nine times. She did express an interest in having the foster mother adopt the children.
At the time the children were first committed, each appearing parent signed a document calling for them to perform certain "Expectations" in order for them to "improve your chances of CT Page 1152 regaining . . . guardianship of your child permanently." (Exhibits 3 and 4). Neither parent satisfactorily complied with the court approved expectations. The social workers offered appropriate, available and accessible services for treating the parent's substance abuse problems, for counseling, and for parental skills training. Neither parent fully attended or successfully completed the offered programs. Most importantly, the mother has continued her substance abuse history and both parents have had subsequent involvement with the criminal justice system resulting in the Patrick's present incarceration. Three years have elapsed since the children were placed in foster care and none of the parents has made substantial gains in personal or parental rehabilitation.
Adjudication
With respect to the statutory grounds for termination of parental rights of the mother, Mariela P., and the fathers, Patrick H. and Kevin N., the court finds by clear and convincing evidence that these children have previously been adjudicated neglected and uncared for on July 6, 1995 and the parents have failed to achieve such degree of personal rehabilitation as would encourage the belief that within a reasonable time considering the age and needs of the children, such parents could assume a responsible position in the lives of the children. General Statutes 17a-112(c)(3)(B). The court also finds that the children have been abandoned by the parents in the sense that the parents have failed to maintain a reasonable degree of interest, concern or responsibility as to the welfare of the children. G.S. 17a-112
(c)(3)(A);
The court finds that these grounds have existed for more than one year.
Mandatory Findings:
The court makes the following factual findings required by17a-112(e):
1 ) Appropriate and timely services were provided by the Department of Children and Families, including substance abuse and individual counseling, transportation assistance, and visitation coordination.
2) The court finds by clear and convincing evidence that the CT Page 1153 Department of Children and Families made reasonable efforts to reunify the family, given the situation and circumstances, as far as possible. The court finds in this proceeding that the father was unable, due to his incarceration and his lack of personal initiative to have visitation or to benefit from reunification efforts. Mother's inability or unwillingness to address her multitude of personal problems, has prevented successful reunification efforts.
3) The Department, with the approval of the Court, set reasonable and realistic expectations in order to reunify the family. There was only marginal compliance or participation by the parents. The parents have failed to complete recommended treatment and programs and the mother, likely, continues to be impaired by drugs.
4) The children have strong emotional ties with the foster family who has provided the physical, emotional and educational support this child needs. The children have no positive emotional ties to the biological parents.
5) Finding regarding the age of the children. Patrick H. Jr. is almost six years old. Larry is four and a half. They have been in foster care for more than three years. They deserve a permanent, structured caring, nurturing environment that the foster parents are willing to permanently provide. None of the parents has offered the children a secure home at this time.
6) Finding regarding efforts of the parents to adjust their circumstances, conduct or conditions etc. The parents have not made realistic and sustained efforts to conform their conduct to acceptable parental standards. Mother requires extensive therapy to deal with her parental failings and substance abuse difficulties. While father has been incarcerated he has failed to take available substance abuse and parental programs offered for his personal rehabilitation. His failure to maintain a relationship with his child has displaced him as a possible parental figure. Giving them additional time would not likely bring their performance, as parents, within acceptable standards sufficient to make it in the best interests of the child to be reunited. In re Luis C. 210 Conn. 157 (1989); In re JuvenileAppeal 183 Conn. 11, 15 (1981).
7) Finding regarding the prevention of the parents from having a meaningful relationship etc. The substance abuse and CT Page 1154 criminal behavior of the parents has resulted in their present situation. The Department initially attempted to encourage contact. No unreasonable conduct is noted. The mother was offered regular visitation with the children but largely ignored her visitation opportunities.
DISPOSITION
The court finds that these grounds and circumstances have existed over an extended period of time which is greater than one year. The court finds, based upon the testimony and evidence presented, that it would be in the children's best interest to terminate the parental rights of Mariela, Patrick, and Kevin at this time. Thus finding is made after considering the child's sense of time, his need for a secure and permanent environment, the relationship that the children have with their foster parents, and the totality of circumstances that the termination of parental rights is in the children's best interest. In reJuvenile Appeal (Anonymous), supra, 177 Conn. at 667-68. See generally, J. Goldstein, A. Freud A. Solnit, Beyond the BestInterests of the Child 99 (1979).
 Order
It is accordingly. ORDERED that the parental rights of Mariela P., Patrick H. and Kevin N. are hereby terminated. The Commissioner of the Department of Children and Families is hereby appointed the statutory parent for Patrick H. Jr. and for Larry P. A permanency plan shall be submitted within 90 days. A review Plan for Terminated Child shall be filed in accordance with Federal Law.
Francis J. Foley, Presiding Judge Child Protection Session